IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A.H. EDSALL, | No. C 07-0676 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CORRECTIONAL OFFICER OSUNA, et al., | |
| Defendants. | |

On February 1, 2007, plaintiff, a California prisoner incarcerated at California State Prison, Folsom, and proceeding pro se, filed the above-titled civil rights complaint under 42 U.S.C. § 1983. Plaintiff claims officials of the Correctional Training Facility ("CTF"), where plaintiff was formerly housed, lost five boxes of his personal property while he was housed in administrative segregation. In a separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se

pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff claims that prison officials had custody and control of 13 boxes of his personal property while plaintiff was in administrative segregation. According to plaintiff, they lost five of these boxes, which included books, supplies, legal documents and "other personal property." He seeks "monetary compensation to cover the cost of all missing property."

The federal right to due process ordinarily requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (finding no claim where state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding no claim based on intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides such adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Here, as noted, plaintiff alleges that officials lost his property while he was in administrative segregation. Plaintiff makes no claim that the original deprivation of his property upon his placement in administrative segregation was improper, that it violated his

2

right to due process, or that he did not receive the procedures required by due process when the property initially was taken from him. Rather, he claims the property subsequently was lost while it was in the officials' "custody and control." As the alleged loss of plaintiff's property was unauthorized, it does not implicate his right to due process. Although plaintiff may bring a tort claim in state court for the loss of his personal property, such a claim does not state a cognizable claim for relief under federal law.

**CONCLUSION**

For the reasons stated, plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: May 29, 2007

MAXINE M. CHESNEY
United States District Judge